# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CATHY ALEXANDRA MITCHELL,<br>Appellant, | DOCKET NUMBER<br>SF-1221-24-0504-W-1 |
| v. | |
| DEPARTMENT OF THE TREASURY,<br>Agency. | DATE:  May 1, 2026 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Cathy Alexandra Mitchell, Kirkland, Washington, pro se.

Emily Urban, Richard Ian Anstruther, and Timothy E. Heinlein,
San Francisco, California, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed the appellant's individual right of action (IRA) appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the petition for review, VACATE the initial decision, and REMAND the case to the Western Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was hired to a competitive service position as a GS-12 Legal Administrative Specialist with the Internal Revenue Service (IRS), effective April 24, 2023, and in that role was responsible for examining estate and gift tax returns for completeness and accuracy, and as needed, adjustment or potential criminal referral. Initial Appeal File (IAF), Tab 1 at 13-15, Tab 42 at 98-101. The Standard Form 50 documenting her appointment identified that her position was subject to completion of a 1-year probationary period. IAF, Tab 1 at 14. By letter dated March 4, 2024, the agency terminated the appellant during her probationary period based on inappropriate conduct and failure to follow management directives. IAF, Tab 42 at 21-24.

On May 19, 2024, the appellant filed the instant Board appeal and identified the challenged action as her termination while serving in a probationary period and attached a copy of her termination letter. IAF, Tab 1 at 2, 7-10. She requested a hearing on her appeal. *Id.* at 1. The appellant also identified in Box 18 of her appeal form that she was filing an IRA appeal and disclosed that she had filed her complaint with the Office of Special Counsel (OSC) on February 19, 2024, and received a close-out letter on March 15, 2024. *Id.* at 3. With her appeal, the appellant provided copies of OSC's close-out letter and her original complaint to OSC. *Id.* at 6, 17-26. The administrative judge issued an order that apprised the appellant of her burden of proving Board jurisdiction over her appeal as an IRA. IAF, Tab 3. After the appellant filed numerous pleadings, IAF, Tabs 16-19, 21-34, 36-40, 43-62, 64-66, 68-70, 72, 74, 76-77, and the agency moved to dismiss the appeal for lack of jurisdiction, IAF, Tabs 42, 71, the administrative judge issued an initial decision based on the written record and without holding the appellant's requested hearing, dismissing the appeal for lack of jurisdiction, IAF, Tab 78, Initial Decision (ID) at 1, 12.

The appellant has timely filed a petition for review of the initial decision and a supplement to the petition for review. Petition for Review (PFR) File, Tabs 8-9.

The agency has filed a response in opposition to the petition for review, and the appellant has filed a reply and included additional attachments. PFR File, Tabs 12, 17-18.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant argues that she made protected whistleblowing disclosures and the administrative judge erred by determining otherwise. PFR File, Tab 8 at 8-20. She also argues that she requested to withdraw her Board appeal eight or more times and the administrative judge erred by denying her repeated requests. *Id.* at 6-7, 15-18.

<u>The administrative judge properly denied the appellant's requests to withdraw her appeal.</u>

The appellant argues on review that the administrative judge erred by denying her repeated requests to withdraw her appeal, noting that she made "8+ attempts to withdraw the case," all of which were denied. PFR File, Tab 8 at 6 (citing IAF, Tabs 34, 64, 68-70, 72, 74). In the initial decision, the administrative judge acknowledged and denied each of the requests to withdraw the appeal that the appellant has identified, concluding that none of the requests were clear, unequivocal, and final. ID at 2-3; IAF, Tabs 63, 67, 73. The appellant challenges the administrative judge's findings, arguing that her requests were clear and unequivocal and so they should have been granted. PFR File, Tab 8 at 15-16.

As the administrative judge correctly observed, generally, an appellant's withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction. *Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486, ¶ 7 (2010). A voluntary withdrawal must be clear, decisive, and unequivocal, and in the absence of unusual circumstances such as misinformation or new and material evidence, the Board will not reinstate an appeal once it has been withdrawn. *Id.*; *Scarboro v. Department of the Navy*, 55 M.S.P.R. 494, 496 (1992). Furthermore, the voluntary withdrawal of an appeal generally precludes an appellant from filing

a subsequent appeal based on the same cause of action. *See Lapedis v. Department of Health and Human Services*, 47 M.S.P.R. 337, 342, *aff'd*, 949 F.2d 403 (Fed. Cir. 1991) (Table).

We agree with the administrative judge that none of the appellant's withdrawal requests were clear, decisive, and unequivocal. For one of the pleadings, although titled "withdrawal of appeal," the language of the pleading itself contained no withdrawal request or acknowledgement of the finality of withdrawal. IAF, Tab 64. Some of the requests merely identified that the appellant had already withdrawn the appeal or presumed such withdrawal without making any such clear request to that effect. IAF, Tabs 68-69, 72. In other pleadings, the appellant identified her request to withdraw the appeal as a request for "dismissal without prejudice," and indicated a desire to seek further review of the challenged actions. IAF, Tabs 38, 74, 76. Finally, in one pleading, the appellant sought a 4-month stay of her appeal citing medical reasons, or alternatively, to dismiss her appeal "without prejudice," or barring that, to dismiss the appeal "completely." IAF, Tab 21. Using such conditional language and predicating her dismissal request on the belief that she could refile her appeal suggests that the appellant did not understand that withdrawal is an act of finality. *See Rose v. U.S. Postal Service*, 106 M.S.P.R. 611, ¶ 12 (2007) (finding that the appellant's request to withdraw was not unequivocal when he based his withdrawal on certain conditions); *Brown v. Department of the Navy*, 102 M.S.P.R. 377, ¶ 10 (2006) (finding that a dismissal with prejudice based on a withdrawal of an appeal is generally considered a final decision, and relitigating such an appeal is barred by res judicata). Accordingly, we conclude that the administrative judge did not err by denying the appellant's requests to withdraw her appeal.

Legal standard for an IRA appeal

To establish Board jurisdiction over an IRA appeal, an appellant must exhaust her administrative remedies before OSC and make nonfrivolous allegations that: (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or

engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *See Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 5, 10, 14. An appellant must prove by preponderant evidence that she exhausted her administrative remedies by seeking corrective action from OSC before seeking corrective action from the Board. 5 U.S.C. § 1214(a)(3); *Chambers*, 2022 MSPB 8, ¶¶ 10-11; 5 C.F.R. § 1201.57(c)(1).

The substantive requirements of exhaustion are met when an appellant has provided OSC with sufficient basis to pursue an investigation. *Chambers*, 2022 MSPB 8, ¶ 10. "[T]he Board's jurisdiction . . . is limited . . . to those issues that were previously raised with OSC." *Id.*, ¶ 10 (quoting *Miller v. Merit Systems Protection Board*, 626 F. App'x 261, 267 (Fed. Cir. 2015)). However, an appellant may give a more detailed account of her whistleblowing activities before the Board than she did to OSC. *Id.*, ¶ 10 (citing *Briley v. National Archives and Records Administration*, 236 F.3d 1373, 1378 (Fed. Cir. 2001)). Nevertheless, the test of the sufficiency of an appellant's charge of reprisal for whistleblowing to OSC is the statement that she makes in the complaint requesting corrective action, not her *post hoc* characterization of those statements. *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1036 (Fed. Cir. 1993); *see Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 6 (2014), *aff'd*, 626 F. App'x 261. An appellant may demonstrate exhaustion through her initial OSC complaint or correspondence with OSC. *Chambers*, 2022 MSPB 8, ¶ 11. Alternatively, exhaustion may be proven through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in her Board appeal or an unrebutted certified statement to this effect on an appellant's initial appeal form. *Id.*, ¶ 11 & n.7 (citing *Delgado v. Merit Systems Protection Board*, 880 F.3d 913, 927 (7th Cir. 2016) (explaining that exhaustion

may be demonstrated through "sufficiently reliable evidence . . . such as the OSC's response letters, an affidavit or declaration attesting to the [OSC] complaint's substance, or a copy of [the] . . . complaint"), *as amended on denial of reh'g and reh'g en banc* (7th Cir. 2018)).

We remand the appeal for further development of the record and for additional jurisdictional findings.

In dismissing the appeal for lack of jurisdiction, the administrative judge concluded that the appellant had failed to nonfrivolously allege that she made a protected disclosure or engaged in a protected activity under 5 U.S.C. § 2302(b)(8) or (9)(A)(i), (B), (C), or (D). ID at 1-12. The administrative judge observed that the appellant's OSC complaint identified her alleged protected activities as "Complaints to management, Antiharassment, eeo regarding management and employee activity." ID at 5 (quoting IAF, Tab 1 at 21) (grammar, capitalization, and punctuation as in original). Focusing in on the appellant's claim of retaliation for her equal employment opportunity (EEO) activity, the administrative judge observed that OSC's close-out letter also referenced this allegation as one of the matters it investigated in reviewing her complaint. ID at 6 (citing IAF, Tab 1 at 6). Continuing, the administrative judge noted that the record included evidence that the appellant had filed two EEO complaints, on October 23, 2023, and March 26, 2024, respectively, that were processed jointly, and that in the complaints, the appellant alleged that the agency had engaged in discrimination and reprisal based on the appellant's age, religion, disability, sex, race, parental status, and prior EEO activity when it subjected her to a number of actions during the period from April 2023 through her March 5, 2024 termination. ID at 7; IAF, Tab 42 at 14-20.

Citing the Board's decision in *Bishop v. Department of Agriculture*, 2022 MSPB 28, the administrative judge noted that because the appellant's EEO complaints concerned allegations of discrimination and reprisal rather than remedying a violation of section 2302(b)(8), her allegation of reprisal for her prior

EEO activity fell within the scope of 5 U.S.C. § 2302(b)(9)(A)(ii), and therefore was not within the scope of an IRA appeal.  ID at 10-11 (citing *Bishop*, 2022 MSPB 28, ¶¶ 15-16 (explaining that the Board lacks jurisdiction in an IRA appeal over claims of reprisal for EEO activity protected under section 2302(b)(9)(A)(ii)).

Following the issuance of the initial decision in this case, however, the Board issued decisions in *Reese v. Department of the Navy*, 2025 MSPB 1, and *Holman v. Department of the Army*, 2025 MSPB 2.  In *Reese*, 2025 MSPB 1, ¶¶ 44-52, the Board held that disclosures concerning alleged violations of Title VII may constitute protected activity under 5 U.S.C. § 2302(b)(9)(C) if made to an agency "component responsible for internal investigation or review."  In *Holman*, 2025 MSPB 2, ¶¶ 12-13, the Board found for the first time that an agency's EEO office is such a component, and therefore that speaking with an EEO counselor and filing an EEO complaint both are protected activities under 5 U.S.C. § 2302(b)(9)(C).  This is true irrespective of the subject matter of the EEO activity. *Id.*, ¶ 12; *see Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8 (finding that, under the language of 5 U.S.C. § 2302(b)(9)(C), disclosures to an agency's Inspector General or to the Special Counsel are protected regardless of their content).

As previously noted, the appellant identified as one of her protected activities in her original OSC complaint "Complaints to . . . eeo," and OSC identified the same in its close out letter.  IAF, Tab 1 at 6, 21.  Thus, consistent with *Reese* and *Holman*, the appellant's claim that she engaged in protected activity

based on her October 23, 2023 EEO complaint could constitute protected activity under 5 U.S.C. § 2302(b)(9)(C).[2]

The Board requires its administrative judges to apprise appellants of the applicable burdens of proving a particular affirmative defense, as well as the kind of evidence required to meet those burdens, and absent such notice, the Board typically remands the appeal so the administrative judge can afford such notice and an opportunity to submit evidence and argument under the proper standard. *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 7 (2015); *Erkins v. U.S. Postal Service*, 108 M.S.P.R. 367, ¶ 8 (2008). Because the administrative judge did not have the benefit of *Reese* and *Holman*, he did not provide the parties with notice of their respective burdens of proof regarding the appellant's potential whistleblower retaliation claim under 5 U.S.C. § 2302(b)(9)(C), and so the appeal must be remanded to provide such notice.

The other element of an appellant's jurisdictional burden in an IRA appeal requires that she nonfrivolously allege that her disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *See Chambers*, 2022 MSPB 8, ¶ 14. In her OSC complaint, the appellant identified the following as her allegedly retaliatory personnel actions:

> Failure to provide required performance evaluation provided to others similarly situated
>
> Pattern of workplace mobbing, coordinated harassment
>
> Physical intimidation/assault
>
> Verbal assaults

---

[2] Because the appellant's second EEO complaint was filed on March 26, 2024, after she had already been terminated by the agency, that complaint could not have been a contributing factor in the agency's decision to take any of her alleged personnel actions and therefore could not support a finding of jurisdiction over her IRA appeal. *See Davis v. Department of Defense*, 106 M.S.P.R. 560, ¶ 12 (2007) ("Because the personnel actions complained about by the appellant predate his protected disclosures, there is no way that the disclosures could have in any way contributed to the personnel actions complained about by the appellant."), *aff'd*, 278 F. App'x 1009 (Fed. Cir. 2008).

IAF, Tab 1 at 21. OSC's close-out letter identified the same claims. *Id.* at 6. Because the administrative judge determined that the appellant had failed to nonfrivolously allege that she made any protected disclosures or engaged in any protected activities, he did not make any findings regarding her personnel actions.[3] ID at 5-6.

A decision concerning a performance appraisal may constitute a covered personnel action for purposes of IRA jurisdiction. 5 U.S.C. § 2302(a)(2)(A)(viii); *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 16 (2013) (clarifying that a "performance appraisal" constitutes a personnel action for the purposes of an IRA appeal, irrespective of whether the appraisal was tangibly lower than the prior year). In one of her responses to the IRA jurisdiction order, the appellant provided some additional context for this claim, identifying that she was not provided with a performance evaluation during the entirety of her 11-month tenure with the agency, which she alleges was required. IAF, Tab 33 at 13-14 ("No termination allowed without providing mandatory performance evaluations. Zero provided in 11 months . . . . failure to provide any mandated evaluation of Appellant in 11 months (0/6 provided)") (grammar, capitalization, and punctuation as in original).

Additionally, the definition of "personnel action" also includes "any . . . significant change in duties, responsibilities, or working conditions." 5 U.S.C. § 2302(a)(2)(A)(xii). In *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶¶ 15-16, the Board held that although "significant change" should be interpreted broadly to include harassment and discrimination that could have a

---

[3] The administrative judge did find, however, that the appellant had not shown that she exhausted her claim of a retaliatory termination, noting that her termination occurred after she filed her OSC complaint, that there was little evidence to adequately support a conclusion that she amended her complaint to include her termination as one of the issues to be investigated, and that there was no mention of her termination in OSC's March 15, 2024 close-out letter. ID at 6. Because we are remanding the appeal for the appellant to supplement the record on exhaustion, the appellant may also supplement the record with any evidence that she exhausted this claim with OSC.

chilling effect on whistleblowing or otherwise undermine the merit system, only agency actions that, individually or collectively, have practical consequences for an appellant constitute a personnel action covered by section 2302(a)(2)(A)(xii). To this end, the agency actions must have practical and significant effects on the overall nature and quality of the appellant's working conditions, duties, or responsibilities. *Id.* A number of agency actions may amount to a covered "significant change" personnel action collectively, even if they are not covered personnel actions individually. *Skarada*, 2022 MSPB 17, ¶ 18.

In identifying the appellant's burden of proving Board jurisdiction over her IRA appeal, the administrative judge did not identify the Board's decision in *Skarada* or provide the appellant with notice on how to make a nonfrivolous allegation that the actions she identified in her OSC complaint may have collectively amounted to a personnel action. As the administrative judge observed, after filing her initial appeal, the appellant provided numerous pleadings in response to the administrative judge's initial IRA jurisdiction order, and those pleadings addressed a range of issues. ID at 2; IAF, Tabs 16-19, 21-34, 36-40, 43-62, 64-66, 68-70, 72, 74, 76-77. In his original IRA jurisdiction order, the administrative judge instructed the appellant to provide specific information regarding her disclosures or activities and alleged personnel actions, including by submitting her original OSC complaint and any amendments thereto. IAF, Tab 3 at 7-8. The appellant's numerous pleadings did not follow the format required by the administrative judge and did not indicate whether the appellant had amended her complaint with OSC or provide evidence of any communications with OSC.

Nevertheless, in response to the appellant's pleadings, the administrative judge did not issue a supplemental jurisdiction order, conduct a status conference to clarify expectations or provide the appellant with additional guidance regarding her burden of proof, or issue a show cause order informing the appellant that her IRA appeal may be dismissed for lack of jurisdiction absent additional evidence that she

met her jurisdictional burden. Indeed, there were no additional substantive orders issued addressing the question of jurisdiction over the appeal following the initial IRA jurisdiction order; the only additional orders issued before the issuance of the initial decision addressed the appellant's repeated requests to dismiss the appeal, with the final order denying the dismissal request and setting the close of record date on the issue of jurisdiction, without more. IAF, Tabs 63, 67, 73. In the subsequent initial decision, the administrative judge acknowledged the appellant's claims alleging additional retaliatory actions by the agency but determined that there was "little in the record to suggest" that the appellant amended her original OSC complaint to exhaust such claims and did not otherwise make specific findings addressing which, if any, allegedly retaliatory personnel actions the appellant had exhausted with OSC. ID at 5-6.

As previously noted, the U.S. Court of Appeals for the Federal Circuit and the Board have held that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue, and absent such notice the Board will remand the appeal to provide the appellant with notice of her jurisdictional burden and an opportunity to establish jurisdiction. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985); *Smyth v. Department of the Interior*, 85 M.S.P.R. 552, ¶ 5 (2000); *see Roach v. Department of the Army*, 86 M.S.P.R. 4, ¶¶ 14-15, 19 (2000) (remanding an IRA appeal because the administrative judge failed to inform the appellant of the Board's jurisdictional requirements prior to dismissing the appeal for lack of jurisdiction). The record is insufficiently developed to determine whether the appellant proved exhaustion and nonfrivolously alleged that she was subjected to a covered personnel action in retaliation for a protected disclosure or activity. For example, the record is unclear regarding the basis for the appellant's allegations of a "[p]attern of workplace mobbing, coordinated harassment," [p]hysical intimidation/assault," and "[v]erbal assaults." IAF, Tab 1 at 6, 21; *cf. Skarada*, 2022 MSPB 17, ¶ 18 (concluding that the appellant's allegations that agency personnel harassed him, subjected him to a

hostile work environment, subjected him to multiple investigations, accused him of "fabricating data" and of a Privacy Act violation, refused his request for a review of his position for possible upgrade, yelled at him, and failed to provide him the support and guidance needed to successfully perform his duties amounted to a nonfrivolous allegation of a significant change in his working conditions). Additionally, concerning the contributing factor element of the appellant's jurisdictional burden, on her initial appeal form the appellant identified that her first-level supervisor who issued the termination decision was aware of her prior EEO activity. IAF, Tab 1 at 2, Tab 42 at 24. The record also contains copies of emails the appellant sent to her second-level supervisor indicating that he had spoken with the EEO counselor about her EEO complaint. IAF, Tab 33 at 10, Tab 42 at 25. What is unclear based on the record, however, is when any of the allegedly retaliatory personnel actions occurred, and whether these agency officials who were aware of the appellant's EEO activity were the same officials responsible for the allegedly retaliatory personnel actions.

Based on the foregoing, we remand the appeal for the administrative judge to provide the appellant with jurisdictional notice regarding her potential whistleblower retaliation claim under 5 U.S.C. § 2302(b)(9)(C) in connection with her EEO complaint, and on remand the administrative judge should provide the appellant with an opportunity to supplement the record regarding her allegedly retaliatory personnel actions, including by providing any additional correspondence she may have had with OSC regarding her claims or any amendments she made to her OSC complaint. *See Covarrubias v. Social Security Administration*, 113 M.S.P.R. 583, ¶ 19 (acknowledging that it was not possible to rule out the possibility that the appellant made additional allegations before OSC that were not identified in the initial complaint, based on the existing record, and providing the appellant with the opportunity to submit copies of any additional correspondences she may have had with OSC on remand), *overruled on other*

*grounds by Colbert v. Department of Veterans Affairs,* 121 M.S.P.R. 677, ¶ 12 n.5 (2014).

<u>On remand the administrative judge should provide the appellant with notice of her potential regulatory right to challenge her termination with the Board.</u>

As previously noted, with her appeal form, the appellant provided a copy of her probationary termination notice. IAF, Tab 1 at 21-24. Additionally, on her initial appeal form the appellant identified that she had filed a whistleblowing complaint with OSC, provided a copy of her OSC complaint as an attachment, and referenced allegations that her termination was in retaliation for protected whistleblowing activity. IAF, Tab 1 at 2-3, 6. Despite this, there is at least some indication in the record that the appellant may not have intended to pursue her appeal as an IRA appeal. For example, in one of her requests to withdraw her appeal, in apparently addressing either the agency's response to one of her pleadings or one of the administrative judge's orders denying her prior requests to withdraw, the appellant stated that "[a]s for the 'underlying merits,' as Appellant stated this is not a whistleblower matter and Appellant has not proven – nor attempted to prove – such." IAF, Tab 64 at 4. Additionally, in one of her pleadings, the appellant appears to suggest that her termination may have been due to prohibited considerations under sections 315.805 and 315.806.[4] IAF, Tab 33 at 14 ("Agency decision based on unlawful discrimination, including perceived disability, age, and *marital status*, *political affiliation*, and retaliation for prior equal employment opportunity (EEO) activity beginning May 2023 . . . .") (emphasis added); *see* 5 C.F.R. § 315.806 (rescinded by 90 Fed. Reg. 26729) (stating that an individual serving in a probationary period "may appeal . . . a

---

[4] The regulatory right of an employee in the competitive service to appeal a termination to the Board on these grounds was rendered inoperative and without effect for actions taken on or after April 24, 2025, and has now been formally rescinded as directed by Executive Order 14284. *See Strengthening Probationary Periods in the Federal Service*, 90 Fed. Reg. 26727 (June 24, 2025). However, the appellant was terminated before April 24, 2025, so the regulations in effect at the time remain applicable. IAF, Tab 42 at 21.

termination not required by statute which he or she alleges was based on partisan political reasons or marital status"). Neither the agency's jurisdictional pleading nor the initial decision included any additional information regarding this potential claim. *See Parker v. Department of Housing and Urban Development*, 106 M.S.P.R. 329, ¶ 8 (2007) (explaining that the agency's pleading or an initial decision can cure defective jurisdictional notice).

Under the regulations in effect at the time, although a probationary employee had no statutory right to appeal a removal to the Board, she did have a regulatory right of appeal if she made a nonfrivolous allegation that she was terminated because of discrimination based on marital status or for partisan political reasons, or because of conditions arising before appointment to the position in question. *Hunter v. Department of Justice*, 73 M.S.P.R. 290, 293 (1997); 5 C.F.R. §§ 315.805-.806 (2024) The only order on jurisdiction in the record provided the appellant with notice of the requirements for establishing jurisdiction over her appeal as an IRA, and none of the other orders identified any potential regulatory right to appeal her termination or informed the appellant of her burden of proof to establish Board jurisdiction under 5 C.F.R. §§ 315.805 and 315.806. IAF, Tab 3. As previously noted, an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess*, 758 F.2d at 643-44. Accordingly, on remand, the administrative judge should also provide the appellant with notice of her potential regulatory right to challenge her termination under 5 C.F.R. §§ 315.805 and 315.806 because of discrimination based on marital status or for partisan political reasons, or because she was terminated for pre-appointment reasons. If the appellant elects to challenge her termination on that basis, that request should be separately docketed as a new appeal.

In addition to establishing jurisdiction over this appeal under 5 C.F.R. §§ 315.805 and 315.806, the appellant must establish that such an appeal is timely. An appeal of an otherwise appealable action must be filed within 30 days

of the effective date of the action. 5 C.F.R. § 1201.22(b). Here, the appellant was terminated effective March 5, 2024, but she did not file her Board appeal until May 19, 2024. IAF, Tab 1 at 1, Tab 42 at 21-24. On remand, to the extent the appellant indicates an intention to pursue her appeal on this basis after receiving notice of the jurisdictional requirements for such an appeal, the appellant must show that her appeal was timely filed or that good cause exists to excuse any untimeliness. To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

**ORDER[5]**

For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:      *Gina K. Grippando*

            _____
            Gina K. Grippando
            Clerk of the Board

Washington, D.C.

---

[5] On review, the appellant has requested that her appeal be recaptioned as "John Doe" and that she be permitted to proceed pseudonymously in her appeal. PFR File, Tab 8 at 6-9 & n.4, 13, 21; PFR File, Tab 10. We deny that request. *See Pinegar v. Federal Election Commission*, 105 M.S.P.R. 677, ¶ 10 (2007) (identifying the factors the Board considers in determining whether to grant a request for anonymity); *Ortiz v. Department of Justice*, 103 M.S.P.R. 621, ¶ 10 (2006) (same). On remand, the appellant may request that the administrative judge limit the submission of information to the record that the appellant believes to be harmful.